UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| JAMES MEARS, Individually, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Case No. |
| THE PEP BOYS-MANNY, MOE & JACK, INC., | : | |
| Defendant. | : | |

# **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JAMES MEARS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE PEP BOYS-MANNY, MOE & JACK, INC., (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is mobility impaired.

2. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant

|     |     |
| --- | --- |
|     | owns, operates, leases or leases Pep Boys #292, and is located in the County of Broward. |
| 3.  | Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district. |
| 4.  | Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. |
| 5.  | As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"),  the owner, lessor, lessee, or operator  has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator  was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator  was under an obligation to make such alterations in such a manner that, to the maximum |

extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Pep Boys #292 at 2100 University Dr., Broward County, Florida has shown that violations exist. These violations include, but are not limited to:

**General**

1. Defendant fails to maintain its accessible features and fails to adhere to a policy, procedure and practice of monitoring and ensuring that its goods, services and facilities are readily accessible to and usable by disabled persons.

**Parking**

2. The access aisle at the southernmost accessible parking spaces has a slope that is steeper than 1:48 in violation of 1991 ADAAG Section 4.6.3; 2010 ADAAG Section 502.4.

3. The access aisle at the accessible parking spaces nearest to the entrance has a slope that is steeper than 1:48 as well as broken surfaces with changes in level greater than ¼" in violation of 1991 ADAAG Sections 4.3.8; 4.5.2; 4.6.3; 2010 ADAAG Sections 303.2; 502.4.

**Entrance Access and Path of Travel**

4. The path of travel from the southernmost accessible parking spaces leads to a curb ramp with a running slope greater than 8.3% in violation of 1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1.

5. The path of travel from the accessible parking spaces nearest to the entrance leads to a curb ramp with a running slope greater than 8.3% in violation of 1991 ADAAG Sections 4.3.2(1); 4.3.8; 4.5.2; 4.7.2; 4.8.2; 2010 ADAAG Sections 206.2.1; 303.4; 402.2; 405.2; 406.1.

**Access to Good and Services**

6. An accessible path of travel that is 36" wide is not provided between several aisles of tires due to a ladder and a tire that obstructs the route. Accessible features are not properly maintained in violation of 28 CFR 36.211; 1991 ADAAG Section 4.3.3; 2010 ADAAG Sections 206.2.4; 403.5.1.

**Men's Restroom**

7. The toilet compartment door lacks the required pull hardware on both sides and it is not self-closing in violation of 1991 ADAAG Sections 4.13.9; 4.17.5; 2010 ADAAG Sections 604.8.1.2.

8. There is no rear grab bar, the centerline of the water closet is more than 18" from the side wall, and the water closet seat height is less than 17" minimum above the finish floor in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.16.3; 4.17.3; 4.17.6; 2010 ADAAG Sections 604.4; 604.5.2; 604.8.1.5; 609.4.

9. The required clear floor space is not provided for the toilet seat cover dispenser as it is mounted behind the water closet in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.2.4; 4.27.2; 2010 ADAAG Sections 305.3; 309.2.

10. The bottom edges of the reflecting surface on the mirrors outside the accessible toilet compartment are higher than 40" maximum above the finish floor in violation of 1991 ADAAG Sections 4.19.6; 2010 ADAAG Section 603.3.

11. The soap dispenser is mounted higher than 48" maximum above the finish floor with only a forward reach available in the accessible toilet compartment in violation of 1991 ADAAG Sections 4.2.5; 4.27.3; 2010 ADAAG Sections 308.2; 309.3.

8. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

12. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit the Pep Boys #292 not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the

Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

        fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Pep Boys #292 to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

  Respectfully Submitted,

|  | Thomas B. Bacon, P.A.<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>cullen@thomasbaconlaw.com<br>Florida Bar. Id. No. 167853<br><br>By:*/s/ Philip Michael Cullen, III,* |
|---|---|
|  |  |